**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Jonathan I. Nirenberg
Rabner Baumgart Ben-Asher & Nirenberg, P.C.
135 Chestnut Ridge Road, Suite 230
Montvale, NJ 07645
Tel: (201) 777-2250
Fax: (201) 777-2260
JNirenberg@njemploymentlawfirm.com
*Attorneys for Plaintiff and the Putative Collective and Class*

| | |
|---|---|
| **TILSA FERNANDEZ, on behalf of herself, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Civil Action No. 2:25-cv-13474** |
| **v.** | |
| **ADP, INC.,** | **<u>FIRST AMENDED COMPLAINT & JURY DEMAND</u>** |
| **Defendant.** | |

## FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Tilsa Fernandez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, hereby makes the following allegations against ADP, Inc. ("Defendant" or "ADP"), upon personal knowledge as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF THE ACTION

1. Plaintiff Tilsa Fernandez, an individual, resides at 4947 W Cortez Street, Chicago, Illinois 60651.

2. Plaintiff brings this action to redress ADP's systematic, companywide violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*, by knowingly misclassifying Plaintiff and other similarly-situated Life Cycle Consultants, or other similarly titled positions (collectively, "LCCs"), as exempt from the overtime compensation requirements of the FLSA and failing to reimburse Illinois employees expenses incurred within the scope of their employment as required by the IWPCA. ADP knowingly deprived employees of earned overtime wages for working in excess of 40 hours per workweek in violation of the FLSA and reimbursable expenses in violation of the IWPCA.

3. Plaintiff brings her FLSA claims on a collective basis pursuant to 29 U.S.C. § 216(b) for all individuals who worked for ADP as Life Cycle Consultants, or other similarly titled positions, and were classified as exempt from overtime pay at any point during the maximum limitations period (the "FLSA Collective").

4. Plaintiff brings her IWPCA claims as a class pursuant to Fed. R. Civ. P. 23 for all Illinois residents who worked for ADP remotely at any point during the maximum limitations period ("The Illinois Class").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

7. This Court has supplemental jurisdiction over Plaintiff's IWPCA claim pursuant to 28 U.S.C. § 1367 because this claim arises from the same occurrence or transaction as Plaintiff's FLSA claim and is so related to this claim as to form part of the same case or controversy.

8. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered within this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## **PARTIES**

9. Plaintiff Tilsa Fernandez is an adult citizen and resident of Illinois who has been employed by ADP as a full-time Life Cycle Consultant ("LCC") from approximately February 13, 2023 to the present. From the beginning of her employment until approximately May 6, 2024, ADP paid Plaintiff on a salaried basis that did not include overtime premium wages for the work she performed in excess of 40 hours in any workweek. Throughout her employment, ADP has required Plaintiff to work remotely but failed to reimburse her for necessary expenditures she incurred as a result of the business use of her personal cell phone and internet service. Plaintiff is personally familiar with, and was personally affected by, the policies and practices described in this Complaint.

10. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). *See* Consent Form (Exhibit A).

11. Defendant ADP is a Delaware corporation with its principal place of business located at 1 ADP Boulevard, Roseland, New Jersey. ADP's core business involves the provision of payroll and human resources management software and services to businesses nationwide and globally. As discussed more fully below, ADP is directly responsible for the policies, practices, and conduct at issue in this case.

## FACTUAL ALLEGATIONS

12. Plaintiff and the similarly-situated LCCs she seeks to represent all share similar job descriptions, job requirements and compensation plans, among other things. LCCs' primary duties involve onboarding ADP's new clients, conducting benefits presentations to ADP's existing customers, and providing benefits consultations to ADP's existing customers.

13. ADP's LCCs regularly work from home and also travel to meet with customers.

14. LCCs do not perform duties related to the management or general business operations of ADP. Rather, LCCs' duties constitute the principal production activity of ADP as a provider of payroll and human resources management software and services.

15. LCCs primary duties do not involve the exercise of discretion or independent judgment with respect to matters of significance. Namely, all major strategic decisions for customers are made at the team level. LCCs do not have the authority to negotiate with customers and bind ADP on significant matters.

16. Until approximately May 6, 2024, ADP classified LCCs as exempt employees under the FLSA and did not pay them overtime wages for hours worked in excess of 40 hours per workweek.

17. During this period, ADP directed LCCs, including Plaintiff, to work, and they routinely did work, more than 40 hours per workweek, but ADP did not compensate LCC for overtime wages earned at a rate of 1½ times their regular rate of pay for hours worked in excess of 40.

18. During this period, ADP paid LCCs, including Plaintiff, a salary.

19. On approximately May 6, 2024, ADP enacted organizational changes, including creating tiered classifications for LCCs. ADP reclassified level one LCCs, including Plaintiff, as

non-exempt employees under the FLSA and shifted them to an hourly pay structure. Level two LCCs remained salaried.

20. Despite ADP's reclassification of certain LCCs as non-exempt employees under the FLSA, ADP failed to pay LCCs, including Plaintiff, backpay for overtime compensation owed during the period they were misclassified as exempt.

21. ADP suffered and permitted Plaintiff and other LCCs to work more than 40 hours per week without overtime pay.

22. ADP did not maintain accurate contemporaneous records of all the hours Plaintiff and other LLCs worked, and did not require LCCs, including Plaintiff, to maintain such records.

23. ADP, as a payroll and human resources management software and services company, advises its clients on how to classify their employees and warns its clients about the risks of misclassification.[1] Therefore, ADP knew, or should have known, that LCCs performed non-exempt work that required payment of overtime compensation because it assigned the work they performed and tracked their performance of their work.

24. ADP required Plaintiff and other Illinois employees who worked remotely to use their personal cell phones and internet service but failed to reimburse them for the necessary expenditures they incurred as a result of the business use of those items.

25. The conduct alleged above reduced ADP's labor and payroll costs.

26. Plaintiff and similarly-situated employees were uniformly subject to ADP's employment policies and practices and were victims of ADP's company-wide scheme to deprive them of overtime compensation and unreimbursed business expenses. As a result of ADP's

---

[1] *See* The difference between exempt and non-exempt employees, https://www.adp.com/resources/articles-and-insights/articles/t/the-difference-between-exempt-and-non-exempt-employees.aspx (last visited July 16, 2025).

improper and willful failure to pay Plaintiff and similarly-situated employees in accordance with the requirements of the FLSA and IWPCA, Plaintiff and similarly-situated employees suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to ADP's violation of the FLSA.

28. Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All individuals who worked for ADP as Life Cycle Consultants, or other similarly titled positions, and were classified as exempt from overtime pay at any point during the maximum limitations period (the "FLSA Collective").

29. Plaintiff belongs to the FLSA Collective she seeks to represent because:

a. She worked as an LCC for ADP during the relevant period and had similar job duties to the other FLSA Collective members;

b. She received the same training from ADP and was required to comply with the same wage and hour policies;

c. Prior to May 6, 2024, ADP routinely suffered and permitted Plaintiff to work more than 40 hours per workweek, but did not pay her overtime wages earned at a rate of 1½ times her regular rate of pay for hours worked in excess of 40;

d. Prior to May 6, 2024, ADP did not maintain accurate contemporaneous records of all the hours Plaintiff worked, and did not require any LCC, including Plaintiff, to maintain such records;

e. ADP knew Plaintiff was working more than 40 hours per week because it assigned the work she performed and tracked her performance of this work; and

f. ADP did not pay Plaintiff proper overtime premium wages for the work she performed beyond 40 hours in any workweek while she was classified as exempt under the FLSA.

30. This action is properly maintained as a collective action because, among other things, Plaintiff and the FLSA Collective members:

a. Worked under the same material terms and conditions of employment;

b. Performed the same job duties and had the same job-related responsibilities of onboarding ADP's new clients, conducting benefits presentations to ADP's existing customers, and providing benefits consultations to ADP's existing customers;

c. Received common training about their employment and the wage and hour policies and practices at issue;

d. Were governed by the same timekeeping policies, practices, and systems;

e. Were governed by the same compensation policies, practices and systems;

f. Were governed by the same policies, practices, and systems concerning work hours and the performance of their work; and

g. Were governed by the same policies, practices, and systems concerning overtime hours and wages.

31. Plaintiff and the FLSA Collective members do not meet any test for exemption under the FLSA.

32. ADP knew or should have known that it had misclassified the members of the FLSA Collective as exempt from overtime compensation.

33. ADP knew or should have known that the members of the FLSA Collective worked in excess of 40 hours per workweek.

34. ADP's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

35. ADP is liable under the FLSA for failing to properly compensate members of the FLSA Collective. Plaintiff requests that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

36. Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include over two hundred (200) members who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

37. The precise number of FLSA Collective members can be easily ascertained from ADP's personnel, scheduling, time and payroll records. Given the composition and size of the collective, members of the FLSA Collective may be informed of the pendency of this action directly via U.S. mail, email, and otherwise.

**ILLINOIS CLASS ACTION ALLEGATIONS**

38. Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b), for relief on her own behalf and as a representative of a class under the IWPCA, 820 ILCS 115/1, *et seq.*, to recover unreimbursed expenses, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to ADP's violation of the IWPCA.

39. Plaintiff seeks class certification under Rule 23 for the following class under the IWPCA:

> All Illinois residents who worked for ADP remotely at any point during the maximum limitations period ("The Illinois Class").[2]

40. Plaintiff and the Illinois Class members all worked under common employment policies, were subject to the same compensation scheme, and were subject to the same practices challenged in this action as described above.

41. Plaintiff belongs to the Class she seeks to represent because she:

a. Is a resident of Illinois;

b. Worked remotely;

c. Worked under the same material terms and conditions of employment as the Illinois Class members;

d. Performed the same job duties and had the same job-related responsibilities as the Illinois Class members;

e. Received the same training about her employment and the wage and hour policies and practices at issue here as the Illinois Class members;

f. Was governed by the same compensation policies, practices and systems as the Illinois Class members; and

g. Was governed by the same policies, practices and systems concerning reimbursement of necessary expenditures as the Illinois Class members.

**Numerosity**

---

[2] Plaintiff reserves the right to propose a different class definition or include sub-classes, if appropriate, after the completion of discovery. The expense reimbursement provision of the IWPCA became effective as of January 1, 2019.

42. More than 50 Illinois Class members were employed by ADP in Illinois who were subject to the same practices challenged in this action as alleged above and not reimbursed all expenses incurred within the scope of their employment. Accordingly, Plaintiff satisfies the numerosity requirements as the Illinois Class is so numerous that joinder of all members is impracticable.

43. Members of the proposed Illinois Class can be identified and located using ADP's payroll and personnel records. Members of the Illinois Class may be informed of the pendency of this action by direct mail, electronic mail, text message, and/or published and broadcast notice.

**Commonality**

44. There are questions of fact and law common to the Illinois Class members that predominate over questions, if any, affecting only individual members. Plaintiff, the members of the Illinois Class, and ADP have a commonality of interest in the subject matter and the remedy sought.

45. The common questions of law and fact include, but are not limited to the following:

a. Whether ADP established a written expense reimbursement policy for Illinois employees;

b. Whether ADP complied with its written expense reimbursement policy;

c. Whether the use of Plaintiff's and the Illinois Class members' personal cell phones and internet service were necessary expenditures incurred within the scope of their employment directly related to services performed for ADP; and

d. Whether Plaintiff and the Illinois Class members suffered damages and the proper measure of those damages.

46. Plaintiff anticipates that ADP will raise defenses that are common to the Illinois Class.

**Typicality**

47. Plaintiff's claims are typical of the claims of the Illinois Class members she seeks to represent. Plaintiff has the same interests and has suffered from the same unlawful practices as the class members. As a result of ADP's unlawful conduct, Plaintiff suffered similar injuries as those suffered by other class members.

48. On information and belief, there are no class members who have an interest individually controlling the prosecution of their individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

**Adequacy**

49. Plaintiff will fairly and adequately protect the interests of all members of the Illinois Class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel that is competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically for wage and hour litigation.

**Predominance and Superiority**

50. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number

of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each Illinois Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for individual class members to bring individual claims.

51. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for ADP and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**DEFENDANT'S FAILURE TO PAY EARNED OVERTIME**

52. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

53. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

54. Defendant is an "Employer" as defined by 29 U.S.C. § 203(d).

55. Plaintiff and the FLSA Collective members are "Employees" as defined by 29 U.S.C. § 203(e)(1).

56. The wages Defendant paid to Plaintiff and the FLSA Collective members are "Wages" as defined by 29 U.S.C. § 203(m).

57. Plaintiff and the FLSA Collective members are similarly situated individuals within the meaning of 29 U.S.C. § 216(b).

58. 29 U.S.C. § 207(a)(1) provides that, with certain exceptions not applicable here, employers must pay employees an overtime rate equal to at least 1½ times their regular rate of pay for all hours worked in excess of 40 hours per week.

59. 29 U.S.C. § 211(c) expressly requires employers to maintain accurate time records of the work performed by their employees.

60. 29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce an employers' failure to comply with the requirements of the FLSA.

61. Throughout the relevant period, Defendant was obligated to comply with the FLSA's requirements, Plaintiff and the FLSA Collective members were covered employees entitled to the FLSA's protections, and Plaintiff and the FLSA Collective members were not exempt from receiving wages required by the FLSA for any reason.

62. Defendant willfully violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly misclassifying Plaintiff and the FLSA Collective members as "exempt," and thereby knowingly suffering or permitting them to regularly work more than 40 hours per week without ensuring they were paid at the proper overtime premium rate for all hours in excess of 40 hours in accordance with the FLSA, 29 U.S.C. § 207(a)(1).

63. Defendant willfully violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly failing to create or maintain accurate records of the time Plaintiff and the FLSA Collective members worked.

64. Defendant has no good faith justification or defense for the conduct detailed above or for failing to pay Plaintiff and the FLSA Collective members all wages mandated by the FLSA.

65. Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of the unlawful conduct described here because they have been deprived of proper overtime wages owed for work they performed from which Defendant derived a direct and substantial benefit.

66. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## DEFENDANT'S FAILURE TO REIMBURSE NECESSARY EXPENSES INCURRED

67. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

68. Plaintiff and the Illinois Class meet the requirements for certification and maintenance of a class action pursuant to Fed. R. Civ. P. 23.

69. Defendant is an "Employer" as defined by 820 ILCS 115/2.

70. Plaintiff and the Illinois Class members are "Employees" as defined by 820 ILCS 115/2.

71. The IWPCA, 820 ILCS 115/9.5(a), provides that employers must reimburse employees for all necessary expenditures that are required of employees in the discharge of employment duties and that inure to the primary benefit of the employer.

72. The IWPCA, 820 ILCS 115/14, provides that employers who violate the provisions of the act are liable to affected employees for the amount of the underpayments and damages of 5% of the amount of any such underpayments for each month following the date the payment was due and other appropriate relief.

73. Throughout the relevant period, Defendant was obligated to comply with the IWPCA's requirements, and Plaintiff and the Illinois Class members were covered employees entitled to the IWPCA's protections.

74. The expenses Plaintiff and the Illinois Class members incurred as a result of the business use of their personal cell phones and internet service are "necessary expenditures" as defined by 820 ILCS 115/9.5(a).

75. Defendant violated the IWPCA and acted with reckless disregard of clearly applicable IWPCA provisions by knowingly requiring Plaintiff and the Illinois Class members to use their personal cell phones and internet service for business purposes but failing to reimburse them for necessary expenditures they incurred as a result of that business use in accordance with Section 115/9.5(a) of the IWPCA.

76. Plaintiff and the Illinois Class members have been harmed as a direct and proximate result of the unlawful conduct described herein because they have been deprived of reimbursement of necessary expenditures incurred within the scope of their employment, directly related to the services they performed, required of them in the discharge of their employment duties, and that inured to the primary benefit of Defendant.

77. As a result of Defendant's violations of the IWPCA, Plaintiff and the Illinois Class members have suffered harm and are entitled to recoup the amount of their unpaid expense reimbursements, together with reasonable attorneys' fees and costs, damages of 5% of the amount

of the underpayments for each month following the date payment was due and other appropriate relief, pursuant to 820 ILCS 115/14.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tilsa Fernandez, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

A. Approve this matter to proceed as a collective action with respect to Count I;

B. Order Defendant to furnish to counsel a list of all names, telephone numbers, home addresses, and email addresses of all members of the FLSA Collective who have worked for Defendant within the preceding three years;

C. Authorize Plaintiff's counsel to issue notice at the earliest possible time to all members of the FLSA Collective who have worked for Defendant within the preceding three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit, as required by the FLSA;

D. Certify the Illinois Class as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) with respect to Count II;

E. Appoint Stephan Zouras, LLC and Rabner Baumgart Ben-Asher & Nirenberg, P.C. to serve as class counsel;

F. Award judgment in favor of Plaintiff and against Defendant for an amount equal to Plaintiff's and the FLSA Collective members' unpaid overtime compensation;

G. Award judgment in favor of Plaintiff and against Defendant for an amount equal to Plaintiff's and Illinois Class members' unpaid expense reimbursements;

H. Declare that Defendant's violations of the FLSA were willful;

I. Award Plaintiff and the members of the FLSA Collective liquidated damages in an amount equal to the amount of unpaid overtime found due in accordance with the FLSA;

J. Award Plaintiff and the members of the Illinois Class 5% of all unpaid expense reimbursements due for each month accruing from the date such amounts were due until they are paid in accordance with the IWPCA;

K. Award prejudgment interest for the FLSA claims (to the extent that liquidated damages are not awarded);

L. Award Plaintiff reasonable attorneys' fees and all costs of the collective action, to be paid by Defendant, in accordance with the FLSA;

M. Award Plaintiff reasonable attorneys' fees and all costs of the class action, to be paid by Defendant, in accordance with the IWPCA;

N. Award pre- and post-judgment interest and court costs as further allowed by law;

O. Award a reasonable service award to Plaintiff to compensate her for the time and effort spent protecting the interests of other workers, and the risks she has undertaken;

P. Grant Plaintiff leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

Q. Grant Plaintiff leave to amend to add claims under applicable state and federal laws;

R. Provide additional general and equitable relief to which Plaintiff and the Illinois Class may be entitled; and

S. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: February 18, 2026

Respectfully Submitted,

*/s/ Teresa M. Becvar*
Ryan F. Stephan (admitted pro hac vice)
James B. Zouras (admitted pro hac vice)
Teresa M. Becvar (admitted pro hac vice)

Danielle M. Sweet (admitted pro hac vice)
STEPHAN ZOURAS, LLC
222 W Adams Street, Suite 2020
Chicago, Illinois 60606
312-233-1550
312-233-1560 f
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com
dsweet@stephanzouras.com

*/s/ Jonathan I. Nirenberg*
Rabner Baumgart Ben-Asher & Nirenberg, P.C.
135 Chestnut Ridge Road, Suite 230
Montvale, NJ 07645
Tel: (201) 777-2250
Fax: (201) 777-2260
JNirenberg@njemploymentlawfirm.com

***Counsel for Plaintiff and the Putative Collective and Class***